```
IA3JJABA                    Arraignments

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

            v.                            18 Cr. 676 JSR

MAHAMADOU JABBI, MALAMIN JAGANA
and ABOUBARCARI WAGUE,

                Defendants.
------------------------------x
                                          October 3, 2018
                                          2:55 p.m.
Before:

                    HON. JED S. RAKOFF,

                                          District Judge


                         APPEARANCES


GEOFFREY S. BERMAN,
     United States Attorney for the
     Southern District of New York
KIERSTEN ANN FLETCHER,
     Assistant United States Attorney

JUSTINE ALETA HARRIS,
ALEGRA NOONAN,
     Attorneys for defendant Jabbi

MARK GUTMAN,
     Attorney for defendant Jagana

SEAN MICHAEL MAHER,
     Attorney for defendant Wague

Also Present:
     CHRISTOPHER NIEVES, Special Agent DSI
```

1              (In open Court)

2              (Case called)

3              THE COURT:  Good afternoon.  All right.

4              I think the first matter of business is arraignment.

5              Let me take each defendant and each defense counsel

6     separately, starting with counsel for Mr. Jabbi.  Have you gone

7     over and discussed with your client the indictment?

8              MS. HARRIS:  I have, your Honor.

9              THE COURT:  Does he wish it read again here in open

10    court or does he waive the public reading?

11             MS. HARRIS:  He waives the public reading, your Honor.

12             THE COURT:  Does he wish a plea of not guilty to be

13    entered?

14             MS. HARRIS:  Yes, to all counts, your Honor.  He is

15    charged in 1, 2, 5, 6 and 7.

16             THE COURT:  A plea of not guilty will be entered.

17             Now turning to Mr. Wague?

18             MR. MAHER:  Wague.

19             THE COURT:  And have you gone over the indictment with

20    your client?

21             MR. MAHER:  Yes.

22             THE COURT:  Do you wish it read here in open court or

23    do you waive the public reading?

24             MR. MAHER:  We waive.

25             THE COURT:  Do you want a plea of not guilty entered

1  at this time with respect to all of the counts he is charged
2  with?
3             MR. MAHER:  Yes, your Honor.
4             THE COURT:  That plea of not guilty will be entered.
5             MR. MAHER:  Thank you.
6             THE COURT:  Is it pronounced Jagana?
7             MR. GUTMAN:  Yes.
8             THE COURT:  Have you gone over with Mr. Jagana the
9  indictment in this case?
10            MR. GUTMAN:  Yes, your Honor.
11            THE COURT:  Do you want it read again here in open
12 court or do you waive the public reading?
13            MR. GUTMAN:  We waive the public reading.
14            THE COURT:  Do you wish a plea of not guilty to be
15 entered at this time with respect to all the counts he is
16 charged with?
17            MR. GUTMAN:  Yes.
18            THE COURT:  A plea of not guilty will be entered.
19            How long does the government want for completion of
20 discovery?
21            MS. FLETCHER:  The government anticipates being able
22 to produce discovery by the end of next week.
23            THE COURT:  That is fine.  So that would be October
24 12th.  How long do counsel want for the making of any motions?
25            (Off-the-record discussion)

1          THE COURT:  I usually give two weeks.
2          MS. HARRIS:  Your Honor, our preference would be for
3   longer, but, of course, we are familiar with the court's
4   preference in this regard.  We do note a couple of factors.
5          First of all, the clients here are release on bond.  I
6   would note --
7          THE COURT:  That makes your job so much easier?
8          MS. HARRIS:  It does, your Honor, though in terms of
9   protecting what is in the interests of the defense, there are
10  issues with respect to Mr. Jabbi.
11         For example, his pretrial officer had broached the
12  subject of him participating in the Young Adult Offender
13  Program.  I also was not the attorney of record at the time of
14  his arrest and initial presentment, your Honor.  I was assigned
15  because of a conflict with the Federal Defenders, so there is a
16  little bit of lag time.  It wasn't much because of those issues
17  and because that is a program that generally, if he was
18  admitted, takes time to figure out, first of all, whether he
19  could be admitted.
20         Then if he is admitted, there is a longer schedule
21  contemplated, of course, that requires the buy-in of all the
22  parties.  I am not making any presumption what will happen, but
23  I would like a little bit of time just on behalf of Mr. Jabbi
24  to build that into the schedule so that we're not focused on
25  motions and decisions about trial or guilty plea while we're

1   also trying to do that.  If the court could indulge, perhaps we
2   would ask for 60 days, but maybe a month or six weeks to do
3   that.  It is an ask with --
4            THE COURT:  I am readying the smelling salts if you
5   had said 60 days.  I hear what you're saying.  This is not like
6   the most complicated case ever to be filed by the U.S.
7   Attorney's Office.
8            I assume discovery is fairly modest, yes?
9            MS. FLETCHER:  Yes, your Honor, the discovery is not
10  that voluminous, with a couple of caveats.  The government
11  expects to produce in discovery passport applications, and
12  those applications are not solely related to the defendants who
13  are charged, but to other members of the scheme, and so there
14  are slightly more pages of paper than may appear from the
15  complaint.
16           THE COURT:  In total, what is the page number?  What
17  is the totality of discovery, approximately, ballpark?
18           MS. FLETCHER:  Can I have just a moment, your Honor?
19           THE COURT:  Yes.
20           (Off-the-record discussion)
21           MS. FLETCHER:  Your Honor, I would expect less than a
22  thousand pages of records.
23           THE COURT:  So it is not that voluminous as cases go,
24  but let me hear -- yes, sir?
25           MR. MAHER:  There is just one other issue with that,

1   your Honor.  I don't know at this point who potential the

2   government witnesses are or members unindicted of any

3   conspiracy, but if there aren't any important witnesses or you

4   could say characters involved in this case who have Alien Files

5   A filed, and the government has not obtained those yet, in my

6   experience, that can take a while even for the U.S. Attorney's

7   Office to obtain.  Those are very important in this case. .

8              THE COURT:  Well, they know that if they have any

9   difficulty obtaining files, they should jointly call me with

10  counsel and, if necessary, we'll send out the U.S. Marshals to

11  grab those files.  I have never actually had to do that, but

12  that is only because I've never had a problem after such a call

13  in getting deadlines met.

14             MS. FLETCHER:  Your Honor?

15             THE COURT:  Yes.

16             MS. FLETCHER:  I may be able to address that issue.  I

17  understand from Agent Nieves there are five or six A files that

18  could be relevant to the broader conspiracy.  The agent has

19  those files certified already, so I don't anticipate that

20  creating --

21             THE COURT:  That is great.  That is terrific.  All

22  right.  Well, I will in a moment of weakness give you four

23  weeks.  Do not come back and ask for more.  It will not be

24  given.  So that is October -- sorry -- the government's

25  discovery was to be completed on the 12th, so that's November

1     9th, right?
2             THE CLERK:  Yes.
3             THE COURT:  Okay.  And we will have a further
4     conference.  Let's look at November 12th.
5             THE CLERK:  That is Veterans Day.
6             THE COURT:  Veterans Day?  Everyone would love to come
7     in on Veterans Day, but let's look at November 13th.
8             THE CLERK:  November 13th is a trial day for you,
9     maybe two trials, and it is a Columbia night.
10            THE COURT:  So we have plenty of time.  Yes, sir?
11            MS. FLETCHER:  Your Honor, I am not sure what your
12    Honor's practice is with having AUSAs stub in.  I am scheduled
13    to begin a trial on November 13th.  I could be present --
14            THE COURT:  What about maybe cutting one day off your
15    adversary, so their papers will be due November 8th instead of
16    November 9th.  Would November 9th be better for you?
17            MS. FLETCHER:  For me, it would, yes, your Honor.
18            THE COURT:  Do we have anything on November 9th?
19            THE CLERK:  Just a trial.
20            THE COURT:  So why don't we say 3:30 on November 9th
21    for the conference, and the papers from the defense are due
22    November 8th.  At that conference, if motions have been made
23    that can be dealt with orally, they will be.  If motions are
24    made that require written response, we'll set a date then for
25    the written response.  In any event, we'll set the trial date

1     at that time.
2                 So pursuant to Section 3161 of Title 18, I will
3     exclude from calculations of the Speedy Trial Act all time
4     between now and November 9th, finding such time is necessary to
5     complete discovery and draft motions and that for those and
6     other reasons, the best interests of justice in excluding such
7     time substantially outweighs the interests of the public and
8     the defendants in a speedy trial, although anyone in my court
9     will get a speedy trial in any event.
10                Is there anything else we need take up today?
11                MS. FLETCHER:  Nothing from the government.
12                MS. HARRIS:  Nothing further.
13                MR. MAHER:  No.
14                MR. GUTMAN:  Your Honor, Mr. Jagana has been unable to
15    find a surety to satisfy the financial requirements of the
16    bond.  We would ask the court if you would consider allowing
17    two sureties for moral suasion purposes as opposed to financial
18    purposes.  He does have two close cousins who are willing to do
19    that for him, but he has gone through many friends and family,
20    and no one is able to meet the financial requirements of his
21    bond at the moment.
22                THE COURT:  What is the government's view?
23                MS. FLETCHER:  That is consistent with the
24    government's understanding.  I informed Mr. Brill, counsel of
25    record, the government would agree to modify Mr. Jagana's bail

1    conditions, substitute one financially person for two moral
2    suasion.  The government ask the those co-signers be presented
3    to the government for interview.
4              THE COURT:  That is agreeable to the court as well.
5              Of course, the government needs to make sure that the
6    surety meets the requirements, so he won't be released right
7    now, but he will be released once that is accomplished.
8              MS. FLETCHER:  Your Honor, he is currently out on
9    bond.
10             THE COURT:  He is out on bond?  I thought -- maybe I
11   misunderstood -- I thought maybe one of the defendants were
12   detained.  I'm glad to hear they're not.  That is fine.
13             MR. GUTMAN:  Thank your Honor.
14             MS. FLETCHER:  Would your Honor set a deadline for the
15   time period?
16             THE COURT:  Yes, I think two weeks.
17             MS. FLETCHER:  That is fine for the government.
18             MR. GUTMAN:  That should be fine.
19             THE COURT:  Thanks very much.
20             (Court adjourned)
21
22
23
24
25